**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 121-003 |
| | * | |
| JAMES STALLINGS III | * | |

**O R D E R**

Defendant James Stallings III has recently filed a motion for reduction of sentence, particularly seeking a reduction in the restitution amount. The Court did not impose restitution, however. Instead, the Court imposed a $1500 fine, which is well below the fine range of $10,000 to $95,000 provided by the United States Sentencing Guidelines. Defendant has presented no persuasive authority or basis to modify this amount.

Moreover, according to Program Statement 5380.08, the Bureau of Prisons ("BOP") employs a standard formula to determine the amount of an inmate's required fine payments through the Inmate Financial Responsibility Program ("IFRP"). To the extent Defendant is challenging his IFRP payments, the Court has no authority to adjust the amount or the formula that the BOP uses. Accordingly, a challenge to the implementation of this program is a challenge to the execution of his sentence and must be pursued under 28

U.S.C. § 2241 in the district of confinement. See Williams v. Pearson, 197 F. App'x 872, 876-77 (11th Cir. 2006); United States v. Warmus, 151 F. App'x 783, 786-87 (11th Cir. 2005); see also United States v. Gala, 698 F. App'x 602, 604 (11th Cir. 2017) (holding that inmate's claim that he was coerced into participating in the IFRP must be presented in a § 2241 petition filed in the district of confinement).

Upon the foregoing, Defendant Stallings' motion to reduce the imposed fine obligation (doc. 40) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of September, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA